The Full Commissions has reviewed this matter based upon the record of the proceedings before Deputy Commissioner Pamela T. Young and the briefs on appeal. The appealing part has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
 **********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 31 October 1996 and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at the time of the plaintiff's alleged injury.
3. Defendant was self-insured at the time of the plaintiff's injury, with Key Benefits Services as the servicing agent.
4. Plaintiff suffered an accident on 23 October 1995.
5. Plaintiff's average weekly wage at the time of the accident was $408.00.
6. The carrier filed a Form 60 with the Industrial Commission on 8 November 1995 and a Form 24 was filed and approved by the Commission on 23 February 1996 effective 3 December 1995.
7. Benefits were paid by the carrier to plaintiff from 23 October 1995 to 3 December 1995.
8. The medical records of the following physicians were also stipulated into evidence: Dr. Rinelda Horton, Dr. Corozon Cruz, and Mercy Medical Center.
9. The issues for determination are:
 a. Whether plaintiff's injury is causally related to the admittedly compensable injury of 23 October 1995;
 b. Whether plaintiff's current complaints are related to his injury on 23 October 1995; and
 c. What amount of permanent disability, if any, plaintiff is entitled as a result of the admittedly compensable injury of 23 October 1995.
 **********
Based upon all the evidence adduced from the record, the undersigned makes the following additional
 FINDINGS OF FACT
1. Plaintiff began working as a maintenance worker for defendant-employer in approximately August of 1995. At the time of the hearing, plaintiff was 58 years old.
2. Plaintiff had a pre-existing condition in his left hip which caused him pain. At the hearing, plaintiff testified that he had been having left hip pain for about the last five years and had been taking up to ten ibuprofen daily to ease his pain.
3. Plaintiff presented to Dr. Corozon Cruz on 13 December 1993 who diagnosed plaintiff with arthritis in his hip. On 13 June 1995, plaintiff told Dr. Cruz that he could not walk at work due to the left hip pain. Dr. Cruz prescribed Vicodin to ease plaintiff's left hip pain from January of 1994 through September of 1995.
4. Plaintiff worked for defendant-employer on 23 October 1995. During that day, he rode in the back of a flatbed truck with another co-worker as they were taken to another job site. Plaintiff was holding down yard debris in the back of the flatbed truck when the truck hit a speed bump causing plaintiff to rise in the air and land on his left hip.
5. Plaintiff testified that he experienced pain in his left hip upon landing on his left hip and presented to Dr. Robert Hinkle at Mercy Medical Center. Dr. Hinkle referred plaintiff to the Emergency Room at Mercy Medical Center and then Dr. John Spaulding diagnosed plaintiff with a left hip contusion and significant left hip degenerative joint disease. Plaintiff was then referred to Dr. Rinelda Horton, an orthopaedic specialist.
6. Plaintiff presented to Dr. Horton on 26 October 1995. Plaintiff told Dr. Horton that he had abused alcohol for fifteen years but that he has been sober for the last twenty years. Dr. Horton diagnosed plaintiff with osteoarthritis of the left hip and presented information to plaintiff on total hip replacement because plaintiff would eventually need hip replacement surgery.
7. Dr. Horton took plaintiff out of work until the week of 6 November 1995, at which time she recommended light duty. Dr. Horton later determined that plaintiff could not return to his old job but was better suited for a sedentary job.
8. At the hearing, plaintiff testified that defendant-employer did not put plaintiff on light duty, and he never returned to work after the 23 October 1995 incident. Tracy Franklin, defendant-employer's office manager, testified that defendant-employer had light duty work which included sitting.
9. On or about 3 December 1995, Dr. Horton opined that the plaintiff's left hip pain was not caused by the bump plaintiff sustained at work on 23 October 1995 but from osteoarthritis. Dr. Horton further determined that although the 23 October 1995 incident aggravated plaintiff's pain, plaintiff already had the underlying condition of osteoarthritis.
10. On 28 June 1996, Dr. Horton performed left total hip replacement surgery. This surgery was due to the severity of plaintiff's osteoarthritis. Following surgery, and a post-operative period, Dr. Horton released plaintiff to return to work with restrictions.
11. The left total hip replacement surgery that plaintiff underwent in June of 1996 was due to plaintiff's extensive osteoarthritis which had developed wholly independent of the 23 October 1995 incident. Plaintiff's surgery would have been required regardless of his rising and landing on his left hip in the truck on 23 October 1995. Consequently, there is no causal relation between plaintiff's landing on his left hip and the eventual left total hip replacement surgery. The competent evidence in the record and the history given by plaintiff to Dr. Horton suggests that plaintiff temporarily aggravated a pre-existing condition.
 ***********
Based upon the foregoing and findings of fact the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 23 October 1995, plaintiff sustained an aggravation of a pre-existing condition to his left hip. G.S. § 97-2(6).
2. The competent medical evidence suggests that the incident temporarily aggravated plaintiff's pain but that he would have needed the left total hip replacement surgery anyway, due to his extreme osteoarthritis. G.S. § 97-25.
3. Plaintiff has failed to carry his burden of proof to establish that his pain resulting from the 23 October 1995 incident was causally related to this left total hip replacement surgery. Id.
4. The greater weight of the evidence establishes that plaintiff experienced pain in his left hip prior to the 23 October 1995 incident and that his condition continued to be symptomatic through 23 October 1995 when he was bumped up and landed on his left hip in defendant-employer's flatbed truck. On or about 3 December 1995, Dr. Horton opined that plaintiff's pain was not work related and thus has not been proven to be causally related to the 23 October 1995 incident, but rather is more likely a continuation of the plaintiff's ongoing, symptomatic episodes of left hip pain. Id.
 *********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 A W A R D
1. Plaintiff's claim for additional benefits is and under the law must be DENIED.
2. Each side shall pay its own costs except that defendants shall pay expert witness fees in the amount of $250.00 to Dr. Rinelda Horton.
 S/ _______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _______________ DIANNE C. SELLERS COMMISSIONER
S/ _______________ THOMAS J. BOLCH COMMISSIONER